IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID WATSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-449-RAH-SMD |
| | ) | [WO] |
| HOMEFIRST AGENCY, INC., *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiffs David and April Watson move to remand this case, with an award of costs and attorney's fees, to the Circuit Court of Autauga County, Alabama for lack of diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs aver that complete diversity of citizenship does not exist because Defendant Currie Adjusting, Inc. is a non-diverse defendant. HomeFirst Agency, Inc., as the removing party, opposes the motion, arguing that absent the fraudulent joinder of Currie Adjusting, Inc., complete diversity exists between the parties.

The motion is fully briefed and ripe for review. After careful consideration of the record and applicable law, the Court concludes that Plaintiffs' motion to remand is due to granted; their request for costs, expenses, and attorney's fees denied; and the case remanded to the state court.

### II. BACKGROUND

On June 21, 2023, Plaintiffs sued HomeFirst, Currie Adjusting, and various unnamed defendants in the Circuit Court of Autauga County, Alabama, alleging eight state law violations associated with the insured damage to their manufactured

home. (Doc. 1-1.) Plaintiffs are Alabama citizens, and HomeFirst is incorporated in Delaware and maintains its principal place of business in Tennessee. (Doc. 1-3.) Currie Adjusting is an Alabama corporation. (Doc. 1-1.)

The Complaint alleges that on or about January 12, 2023, severe weather caused a tree to collapse through the roof of Plaintiffs' manufactured home, resulting in severe damage to the home's structure. (*Id.* at 10.) Plaintiffs insured their home against loss under a homeowner's insurance policy with HomeFirst. (*Id.*) After reporting the damage to HomeFirst, HomeFirst sent Currie Adjusting, "an adjuster/construction consultant," to inspect the home and prepare a repair estimate. (*Id.*) Currie Adjusting prepared an estimate for $56,146.82, which HomeFirst provided to the Plaintiffs as the basis for HomeFirst's decision to offer only $56,146.82 on the claim. (*Id.*) Dissatisfied, Plaintiffs then obtained two independent estimates, each reporting approximately $100,000 in estimated repair costs, and provided them to HomeFirst. (Doc. 1-1 at 11.) HomeFirst however rejected the estimates, stating that it would only pay for the repairs outlined in the Currie Adjusting repair estimate. (*Id.*)

On June 21, 2023, Plaintiffs filed this lawsuit alleging the following claims: breach of contract, bad faith, negligence, and wantonness as to HomeFirst only; negligence and wantonness as to Currie Adjusting only; and fraud and civil conspiracy as to both HomeFirst and Currie Adjusting. (Doc. 1-1.) On July 28, 2023, HomeFirst removed the case to this Court, predicated on diversity jurisdiction. Although complete diversity does not exist on the face of the Complaint, in its removal petition, HomeFirst claims that Currie Adjusting, an Alabama corporation, was fraudulently joined because there is no possibility that Plaintiffs can establish a cause of action against Currie Adjusting. (Doc. 1 at 2–3.)

On August 23, 2023, Plaintiffs moved to remand the case to state court and for costs, expenses, and attorney's fees, claiming that Currie Adjusting has not been fraudulently adjoined.

### III. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716, (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this Court pursuant to 28 U.S.C. § 1441, remand is favored where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1564 (11th Cir. 1994); *see also* 28 U.S.C. § 1332. The Eleventh Circuit recognizes three forms of fraudulent joinder. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533, 1540 (11th Cir. 1993)). The one relevant to this case is fraudulent joinder "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* To determine whether the complaint possibly states a valid cause of action, this Court must look to the "pleading standards applicable in state court," not federal court. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) (per curiam).

The removing party bears the burden of proving fraudulent joinder, and the burden is "heavy." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.

3

1997) (internal quotation marks and citation omitted). "[A]ll factual issues and questions of controlling substantive law" must be viewed in the light most favorable to the plaintiff. *Coker,* 709 F.2d at 1440. "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1299 (11th Cir. 2007). Although for purposes of determining fraudulent joinder courts may consider the pleadings together with affidavits and deposition transcripts submitted by either party, *Legg v. Wyeth,* 428 F.3d 1317, 1322 (11th Cir. 2005), "the jurisdictional inquiry must not subsume substantive determination," *Crowe,* 113 F.3d at 1538 (internal quotation marks and citation omitted). Courts must be "certain" of their jurisdiction and "are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (internal quotation marks and citation omitted).

## IV. DISCUSSION

### A. Fraudulent Joinder

The Plaintiffs sue Currie Adjusting for negligence, wantonness, fraud, and civil conspiracy, claiming largely that Currie Adjusting and HomeFirst acted in a common plan or scheme to fraudulently depreciate, or understate, the repair costs on the home in an effort to undercompensate the Plaintiffs for their insured damages. The parties seem to agree that Currie Adjusting owed no direct duty to the Plaintiffs, and the Plaintiffs make no effort to use their claims for negligence and wantonness as the basis for defending against HomeFirst's fraudulent joinder argument. Instead, the Plaintiffs hang their argument on their claims for fraud and civil conspiracy.

Under Alabama law, "to succeed on a civil-conspiracy claim, a plaintiff must prove a concerted action by two or more people that achieved an unlawful purpose or a lawful end by unlawful means." *Luck v. Primus Auto. Fin. Servs., Inc.*, 763 So.

2d 243, 247 (Ala. 2000).  "It is well established that 'liability for civil conspiracy rests upon the existence of an underlying wrong and [that] if the underlying wrong provides no cause of action, then neither does the conspiracy.'"  *Ex parte Ala. Dep't of Transp.*, 764 So. 2d 1263, 1271 (Ala. 2000) (quoting *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993)).  And under Alabama law, statutory and common law fraud require, among other things, a material misrepresentation or suppression of a material fact on the part of the defendant and detrimental reliance on that misrepresentation or omission on the part of the plaintiff.  *See, e.g.*, Ala. Code 1975 § 6-5-100 ("Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action."); *Carter v. Innisfree Hotel, Inc.*, 661 So. 2d 1174, 1180 (Ala. 1995) ("Fraud, as defined by [Ala. Code] § 6-5-101, includes four elements: (1) there must be a false representation; (2) the false representation must concern a material existing fact; (3) *the plaintiff* must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result." (emphasis added).)

HomeFirst contends Plaintiffs cannot possibly succeed on their fraud and conspiracy claims because, in its view, Currie Adjusting did not make a material representation to Plaintiffs and Plaintiffs did not rely on any representation made by either Currie Adjusting or HomeFirst.  HomeFirst has produced a declaration from Patrick Currie, the estimator on the Plaintiffs' claim and the owner of Currie Adjusting, in which he states that he "was hired by Cross Country Adjusting, Inc. to provide an estimate on [Plaintiffs'] property damage claim" and that when he "completed [his] investigation, [he] composed a report that was sent to Cross Country Adjusting, Inc."  (Doc. 1-4 at 1.)  Currie further stated that he "had no contact with HomeFirst Agency, Inc., and [has] not done anything related to the [Plaintiffs'] manufactured home other than provide an estimate for property damage for Cross Country Adjusting, Inc."  (*Id.* at 2.)

5

From his testimony, it is admitted that Currie Adjusting inspected the manufactured home, generated a written report of the damage and the estimated cost to repair, and that the report was given to another company.   And from the Complaint, it is factually alleged that this report ultimately was given to the Plaintiffs by HomeFirst, that HomeFirst based its insurance claim decision on the statements in the report, and that the repair costs in the report were intentionally understated or depreciated in order to underpay on the claim.   Plaintiffs argue these facts state a possible claim for fraud and civil conspiracy and therefore HomeFirst has failed to meet its "heavy" burden to prove fraudulent joinder.

HomeFirst primarily argues that the Complaint fails the Rule 9(b) particularity standard because the Complaint makes no mention of any misrepresentations made by Currie Adjusting to the Plaintiffs, nor does it allege that the Plaintiffs relied upon any representation from Currie Adjusting to their detriment.   But these assertions ignore the allegations that the Plaintiffs were given the Currie Adjusting report and that the report willfully and as part of a common scheme understated (i.e, misrepresented) the actual repair costs in order to underpay the claim.   And as to reliance, Plaintiffs state that they had to retain two independent estimates and that they were forced to retain legal counsel.   As such, the Complaint contains allegations that Currie Adjusting made written representations and that the Plaintiffs relied upon them.

HomeFirst's assertions however go to the sufficiency of the pleadings.   As the Eleventh Circuit has instructed, the Court's "task is not to gauge the sufficiency of the pleadings" but rather to "decide whether [Defendants] have proven by clear and convincing evidence that no Alabama court could find [Plaintiffs' Complaint] sufficient" to state a claim for fraud and/or conspiracy to defraud against Defendants. *Henderson v. Washington Nat. Ins. Co.,* 454 F.3d 1278, 1284 (11th Cir. 2006).

In *Henderson,* the Eleventh Circuit reversed the district court's denial of a

6

motion to remand because it found that the complaint in that case "successfully pled fraudulent concealment under Alabama law." *Id.* The district court had concluded that the plaintiff's complaint could not succeed against an individual resident defendant because the complaint did not plead fraudulent concealment. *Id.* at 1282. In finding that the district court erred in determining the complaint failed to state a claim for fraudulent concealment, the Eleventh Circuit first noted that "the precise contours of the pleading requirements [were] not dispositive" to the fraudulent joinder issue. *Id.* at 1283. After noting the nearly identical state and federal rules requiring that fraud be pleaded with particularity, the court then made specific references to various allegations in the plaintiff's complaint and found that although the plaintiff's allegations may have ultimately proved insufficient, the court could not "say there is no possibility [the plaintiff had] asserted a colorable claim. . . ." *Id.* at 1284.

After finding that "a sufficiently substantial question" existed as to whether the plaintiff had "successfully pled fraudulent concealment under Alabama law," the court ultimately concluded that the district court erred in denying the plaintiff's motion to remand. *Id.* The court went on to state that "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to impose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941) (parallel citations omitted)).

Considering the Eleventh Circuit's guidance in *Henderson*, this Court will not decide the issue of fraudulent joinder on HomeFirst's assertion that Plaintiffs' fraud and conspiracy claims against Currie Adjusting are insufficiently pleaded or fail to state a claim under Rule 9(b) or otherwise. Plaintiffs' fraud and conspiracy allegations may ultimately prove insufficient, but this Court is not prepared to say

there is no possibility that Plaintiffs have asserted a colorable claim for fraud and conspiracy. The Court will defer to the state court to resolve any uncertainties as to that issue. Therefore, the Court concludes HomeFirst has not met its burden to show by clear and convincing evidence that there is no possibility that Plaintiffs' fraud and conspiracy claims against Currie Adjusting are sustainable under Alabama law. In the absence of fraudulent joinder of Currie Adjusting, Currie Adjusting's Alabama citizenship is clearly non-diverse from Plaintiffs and, therefore, diversity jurisdiction is defeated pursuant to 28 U.S.C. § 1332 and remand is required.

### B. Plaintiffs' Motion for Costs, Expenses, and Attorney's Fees

Plaintiffs seek an award of costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether or not to award costs or attorney's fees is within the sole discretion of the Court. *Howard Griggs Trucking, Inc. v. American Central Ins. Co.*, 894 F. Supp. 1503, 1510 (M.D. Ala. 1995).

The Court declines to award costs, expenses, and attorney's fees because HomeFirst acted reasonably on the basis of the information available at the time of removal.

### V. CONCLUSION

Accordingly, it is ORDERED as follows:

(1)    The Plaintiffs' Objection to Notice of Removal, Motion to Remand and Motion for Fees and Costs (Doc. 8) is **GRANTED** in part, only to the extent it seeks remand of this matter to the Circuit Court of Autauga County, Alabama, and **DENIED** in all other respects.

(2)    This case is **REMANDED** to the Circuit Court of Autauga County, Alabama;

(3)     The Clerk of Court is **DIRECTED** to take all steps necessary to effectuate the remand.

**DONE** on this the 19th day of October 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE